# In re FRENZ ENTERPRISES, INC., a Florida Corporation, Debtor.

## Bankruptcy No. 87–03199–BKC–6P1.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

July 22, 1988.

---

Andrew J. Decker, III, Live Oak, Fla., for debtor.

William R. Barker, Orlando, Fla., for creditor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 25 FILED BY RON ALLEN TRUCKING COMPANY, INC.

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Frenz Enterprises, Inc.'s Objection to Proof of Claim No. 25 filed by Ron Allen Trucking Company, Inc. ("Allen") in the amount of $113,228.14. Allen's claim is based upon road construction work performed by it on behalf of Frenz Enterprises, Inc. ("Frenz"). Frenz argues that it was released from its liability to Allen pursuant to a Final Waiver of Lien and General Release agreement entered into between the parties.

A hearing on the objection was held on May 24, 1988, at the conclusion of which the Court directed the parties to submit written memoranda of law in support of their positions. Upon the evidence presented, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. In 1986, the debtor, Frenz Enterprises, Inc., entered into a contract with Nim Construction Company for the performance of dredge and excavation work on a public works project for the City of Orlando, Florida.

2. Frenz orally sub-contracted the work to be performed on the project to Allen. Allen began work on the project on or about May 27, 1986, and completed the assignment sometime on or about August 27, 1986.

3. During the time Allen was laboring under the subcontract, a dispute arose regarding the scope and quality of the work performed by Allen. Allen contended that it had completed the work on the project satisfactorily and was entitled to be paid in accordance with the billings submitted. Notwithstanding, Frenz refused to pay, asserting that Allen had failed to properly perform work on the project.

4. In June, 1986, Allen received two checks from Frenz for $40,000.00 and $30,000.00. However, Frenz stopped payment on the latter check and Allen was unable to collect those funds. As of September 1, 1986, there was some $113,228.14 due on the subcontract.

5. At the hearing, Allen testified that Frenz's failure or refusal to pay for the work caused it to suffer financially, thereby causing the business to default in its payment of bills and obligations. Allen claims that these facts were made known to Frenz yet Frenz continued to withhold payment.

6. On November 26, 1986, Allen executed and delivered to Frenz a Final Waiver of Lien and a General Release. The General Release recited that in consideration for Allen's execution of said instrument Frenz would pay Allen $91,569.18.

7. In addition to the standard release language, the General Release provided that:

"This Release shall apply specifically to but not be limited to, any and all matters or things, claimed or asserted, including any claims or obligations I· may have which relate to work done or materials provided at McLeod Road Site Treatment Improvement, Phase II, Contract 3, Water Conservation 2, Orlando, Florida, South Lagoon, including but not limited to the check made payable to Ron Allen Trucking from Frenz in an amount of $30,000.00 which was cancelled by Frenz.

I hereby expressly acknowledge that this Release is a legally binding instrument and is executed by my own free will without any coercion or duress on the part of the Releases whatsoever."

8. Allen's president testified that the General Release and Final Waiver of Lien were executed on the advice of Allen's attorney. Allen was aware that it had the right to refuse to execute the General Release and to return the consideration so that it could proceed against the surety on the project.

## CONCLUSIONS OF LAW

1. Allen seeks to avoid the terms of the Release on two grounds, failure of consideration and economic duress.

2. Allen's argument that the General Release is ineffective because of a failure of consideration is not supported by the testimony and documentary evidence presented in this cause.

■ 3. Allen claims that payment of the settlement funds of $91,569.18 had to be made on November 26, 1986, as a condition to the validity and effectiveness of the General Release. However, this condition was not set forth in the General Release and no evidence was presented that Frenz had agreed to such condition. In fact, Allen's testimony showed that it understood that there would be a slight delay of a few days between the time of execution of the release and the receipt of the monies specified therein. Accordingly, the Court concludes that there was no failure of consideration.

4. The second argument concerns the doctrine of economic duress. That doctrine permits an aggrieved party to rescind an agreement which was entered into under severe financial anxiety or pressure.

■ The courts generally look to three basic elements in determining whether an obligee, in agreeing to a compromise of earlier contractual rights and accepting payment in an amount less than actually due, is entitled to avoid the otherwise binding effect of his settlement due to economic duress. They are: (1) a wrongful act which (2) overcomes the will of a person who (3) has no adequate legal remedy to protect his interests. 25 Am.Jur.2d, *Duress and Undue Influence*, § 7.

■ 5. The mere withholding of payment of a debt alone does not constitute such economic duress as will avoid a settlement reached or release executed. 9 A.L.R.4th, *Refusal to Pay—Economic Duress*, § 3, p. 942, 949.

■ 6. In the instant case, there is no evidence that Frenz made any threat against Allen or committed any wrongful or illegal act. The evidence shows that Frenz simply refused to pay an amount that Allen claimed it was entitled to receive under the oral sub-contract. In light of Frenz's dispute with Allen regarding the scope and quality of work performed and the absence of any action by Frenz that precipitated Allen's financial problems, the Court cannot conclude that Frenz exerted excessive economic influence.

7. The Court has considered the demeanor and sincerity of Allen and found him to be an experienced businessman who, before signing the release, sought the advice of independent counsel. It is difficult for the Court to conceive of any situation presented in this case which would have overcome the free will of Mr. Allen.

■ 8. Even if Allen's claim of economic duress were to be recognized, economic duress merely renders a release so executed voidable and not void per se. A voidable release may then be ratified and affirmed by a subsequent action of the releasor. The retention of the consideration by one *sui juris* with knowledge of the facts will amount to a ratification of a voidable release executed by him in the settlement of a claim, where the retention is for an unreasonable time under the circumstances of the case. 10 Fla.Jur.2d, *Compromise, Accord and Release*, § 34.

■ In this case, Allen has retained $91,569.18 as consideration for execution of the General Release. This amount represents a fair settlement of his claim and does not indicate any overreaching by this debtor so

as to shock the conscience of the Court. Furthermore, there is no evidence that Allen disavowed the General Release at any time before this case was filed or that he has offered to tender the release proceeds back to Frenz. The Court finds that the settlement acts as a satisfaction of Allen's claim in its entirety.

9. Finally, the Court recognizes that Allen had several legal alternatives to signing the General Release. For instance, Allen could have pursued its rights against the surety that furnished the bond on the public works project or alternatively, it could have filed a civil action against Frenz and the bonding company for the sums owed. Allen had these remedies available yet chose not to pursue them.

10. The Court concludes that Allen has failed to demonstrate that it executed the General Release as a result of economic duress or business compulsion inflicted by Frenz. The Court finds that Frenz's Objection to Proof of Claim No. 25 filed by Ron Allen Trucking Company should be sustained.

The Court will enter a separate order consistent with these findings.